**IN THE UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF FLORIDA**
**TALLAHASSEE DIVISION**

**BRUCE A. LING,**

     **Plaintiff,**

**vs.**　　　　　　　　　　　　　　　　**Case No. 4:07cv261-SPM/WCS**

**ALEXANDER DOMBROWSKY,**

     **Defendant.**

                           **/**

## REPORT AND RECOMMENDATION

Plaintiff, an inmate proceeding *pro se* and *in forma pauperis*, has filed a civil

rights complaint under 42 U.S.C. § 1983.  Doc. 1.  The complaint has been reviewed

pursuant to 28 U.S.C. § 1915A.

Plaintiff alleges that on April 6, 2006, the Defendant (an attorney in private

practice) "conspired with Assistant State Attorney Owen Kohler, and Judge Kathleen

Dekker to convict and revoke Plaintiff's probation . . . ."  Doc. 1, p. 5.  In particular,

Plaintiff contends the Defendant conspired to enhance Plaintiff's sentence from the

recommended minimum guideline sentence.  *Id.*  Further, Plaintiff did not want to have

his violation of probation (hereinafter "V.O.P.") hearing in Leon County, but agreed to do

so "only if the State agreed to reinstate Plaintiff's probation with the dismissal of all

pending criminal offenses." *Id.*  Plaintiff contends he was unaware of the scheduled

date for the V.O.P. hearing, and unsuccessfully begged the "Defendant to have the

(V.O.P.) hearing rescheduled, because Plaintiff was . . . unprepared to proceed." *Id.*

Plaintiff contends he was denied due process and the right to a fair hearing by

the Defendant and Judge Dekker.  *Id.*, at 6.  Plaintiff contends he attempted to "expose

the conspirators that were against him on the record, [but] the Defendant held his hand

over the microphone prohibiting the Plaintiff from exposing Defendant's malicious

intents." *Id.*  Defendant's allegedly "reprehensible acts of the Defendant caused the

Plaintiff and his family undescribable injuries, which are irreparable." *Id.*

Plaintiff alleges Defendant provided ineffective assistance of counsel causing

"Plaintiff to be convicted in V.O.P. hearing."  Doc. 1, p. 6.  Plaintiff claims the Defendant

provided incompetent representation and was "deliberately jeopardizing Plaintiff's

freedom due to Defendant's inadequate representation." *Id.*  Plaintiff also contends that

his Eight Amendment rights were violated and he has suffered cruel and unusual

punishment." *Id.*

As relief, Plaintiff seeks compensatory damages for the intentional infliction of

harm to Plaintiff and his children, "such as pain, suffering, anguish, emotional distress,

anxiety, potential harm of placement in a threatening hostile environment [sic], potential

thousands or millions of dollars of past and future business ventures, and the cost of

having to pay large sums in attorneys fees." *Id.*, at 7.

This is precisely the type of case that cannot proceed as a civil rights action. Plaintiff is raising these claims in a collateral challenge to his conviction on the violation of probation and his current incarceration.[1]

It is clear that one may not seek monetary damages which would collaterally undermine a criminal conviction or sentence. Preiser v. Rodriguez, 411 U.S. 475, 500, 93 S. Ct. 1827, 1841, 36 L. Ed. 2d 439 (1973)(prohibiting injunctive relief which would result in speedier or immediate release from a term of imprisonment); Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364, 2372, 129 L. Ed. 2d 383 (1994) (barring a claim for monetary damages related to a conviction or sentence until the plaintiff can show that the conviction or sentence has been invalidated).  In Heck, the Court held "that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." Harden v. Pataki, 320 F.3d 1289, 1294 (11th Cir. 2003), quoting Heck, 512 U.S. at 486-87, 114 S.Ct. at 2372.  "A claim for damages bearing that relationship to a conviction or

_____

[1] Indeed, Plaintiff has initiated a separate civil rights case in this District challenging the actions of the police officers who responded to the burglary and assault report, conducted the investigation, allegedly submitted a fabricated probably cause affidavit which led to Plaintiff's arrest which then resulted in his "being wrongly charged with crimes."  Doc. 1, Case 4:07cv241-SPM/AK.  The complaint in that case makes clear that Plaintiff was sentenced to ten years incarceration in the Department of Corrections for the violation of probation.  Id., at 7.

sentence that has *not* been so invalidated is not cognizable under § 1983." Heck, 512 U.S. at 487, 114 S.Ct. at 2372.

An attack on alleged deficiencies in representing a probationer which results in the incarceration of that offender is essentially a *habeas corpus* claim as it is collaterally challenging the ensuing conviction. Indeed, the ineffectiveness of counsel is standard fare on the habeas menu of claims. Plaintiff is presently incarcerated as a result of the V.O.P. hearing and the allegedly deficient actions of his attorney. Such a claim must first be brought through the filing of a habeas petition under 28 U.S.C. § 2254. Because Heck has clearly held that there is a "favorable termination requirement" in a § 1983 action which, in this case, Plaintiff has not shown, *see* Harden, 320 F.3d at 1294, this case must be dismissed for failure to state a claim upon which relief may be granted.

Moreover, representation by either public defenders or retained attorneys of persons accused of criminal offenses is not "state action" and thus gives rise to no liability pursuant to § 1983 absent a conspiracy with state actors. Richardson v. Fleming, 651 F.2d 366, 371 (5th Cir. 1981); Slavin v. Curry, 574 F.2d 1256, 1265 (5th Cir. 1976); Wahl v. McIver, 773 F.2d 1169, 1173 (11th Cir. 1985). Plaintiff has attempted to allege a conspiracy, but does not provide any factual basis for such a legal conclusion. Plaintiff's civil rights claim against his criminal defense attorney would necessarily fail for lack of any actions by a "state actor" for purposes of § 1983.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's complaint, doc. 1, be **DISMISSED** because it is barred by Preiser v. Rodriguez, 411 U.S. 475, 500, 93 S. Ct. 1827, 1841, 36 L. Ed. 2d 439 (1973), and Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364, 2372, 129 L. Ed. 2d 383 (1994), and because the

complaint fails to state a claim upon which relief may be granted pursuant to 28 U.S.C.

§ 1915(e)(2), and that the order adopting this report and recommendation direct the

Clerk of Court to note on the docket that this cause was dismissed pursuant to 28

U.S.C. § 1915(e)(2)(B)(ii).

   **IN CHAMBERS** at Tallahassee, Florida, on July 13, 2007.


    s/      William C. Sherrill, Jr.
   **WILLIAM C. SHERRILL, JR.**
   **UNITED STATES MAGISTRATE JUDGE**



## NOTICE TO THE PARTIES

   **A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**